```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    NICHOLAS A. TRUTANICH (Cal. SBN: 242861)
 4  Assistant United States Attorney
    General Crimes Section
 5       1500 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California  90012
         Telephone: (213) 894-7635
 7       Facsimile: (213) 894-3713
         E-mail: Nicholas.Trutanich@usdoj.gov
 8
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
AUG 24 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DALE RUSSELL,<br><br>Defendant. | Case No. 09-MJ-01902-<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
|---|---|

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

_____ 1. Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

_____ a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); or

1

```
          ____  b.  defendant is an alien not lawfully admitted for
                   permanent residence; and
          ____  c.  defendant may flee; or
          ____  d.  pose a danger to another or the community.
   X      2.  Pretrial Detention Requested (§ 3142(e)) because no
              condition or combination of conditions will reasonably
              assure:
     X        a.  the appearance of the defendant as required;
     X        b.  safety of any other person and the community.
          3.  Detention Requested Pending Supervised Release/Probation
              Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18
              U.S.C. § 3143(a)):
          ____  a.  defendant cannot establish by clear and convincing
                   evidence that he/she will not pose a danger to any
                   other person or to the community;
          ____  b.  defendant cannot establish by clear and convincing
                   evidence that he/she will not flee.
          4.  Presumptions Applicable to Pretrial Detention (18 U.S.C.
              § 3142(e)):
          ____  a.  Title 21 or Maritime Drug Law Enforcement Act
                   ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with
                   10-year or greater maximum penalty (presumption of
                   danger to community and flight risk);
          ____  b.  offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
                   2332b(g)(5)(B) with 10-year or greater maximum
                   penalty (presumption of danger to community and
                   flight risk);
```

2

      \_\_\_\_\_  c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

      \_\_\_\_\_  d. defendant currently charged with an offense described in paragraph 5a - 5e below, <u>AND</u> defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), <u>AND</u> that previous offense was committed while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

__X__  5. <u>Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:</u>

      \_\_\_\_\_  a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

      \_\_\_\_\_  b. an offense for which maximum sentence is life imprisonment or death;

      \_\_\_\_\_  c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

3

|   |   |   |
|---|---|---|
| ___ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| ___ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| X | f. | serious risk defendant will flee; |
| ___ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |

___ 6. Government requests continuance of ___ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//

4

1 \_\_\_\_\_ 7. Good cause for continuance in excess of three days exists
2 in that:
3 _____
4 _____
5 _____
6 _____

Dated: August 24, 2009

Respectfully submitted,
THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

_____
NICHOLAS A. TRUTANICH
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA