UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cr-4-SEB-KPF |
| | ) | |
| DALE RUSSELL, | ) | |
| | ) | |
| Defendant. | ) | |

**JURY INSTRUCTIONS**

INSTRUCTION NO. __1__

Members of the Jury:

In accordance with my duty as judge of this court, I will now submit this case to you for your verdict and will instruct you upon the rules of law that should guide you in reaching your conclusion.

It will be your duty as jurors to follow the law as the court states it to you in these instructions. It is the duty of the jury to determine the facts of the case, and for that purpose, to consider and weigh the evidence. Do so without bias or prejudice against, or sympathy for, any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

The case is important to the government, for the enforcement of criminal laws is a matter of concern to the community. It is equally important to the defendant, who is charged with serious crimes.

The court by these instructions will endeavor to explain to you the issues; to notice

2

the positions taken by the parties; to explain the principles of evidence and their

application so far as the case may require it; and to declare what rule or rules of law will

be applicable to any state of facts which may be found in the evidence.  You will have a

written copy of all of these instructions when you deliberate on your verdict, and you

should read them when necessary in your deliberation for some of you may not remember

them from the court's oral recitation.  You must follow the Court's instructions on the law

whether you agree with them or not.

INSTRUCTION NO.  __2____

     If in these instructions any rule, direction or idea be stated in varying ways, no emphasis thereon is intended by me and none must be inferred by you.  For that reason you are not to single out any certain sentence or any individual point or instruction and ignore the others, but you are to consider all the instructions, as a whole, and you are to regard each instruction in the light of all the others.

INSTRUCTION NO. __3___

This is a criminal case brought by the United States of America by way of a grand jury indictment.  The indictment in this case is the formal method of accusing the defendant of an offense and placing him on trial.  It is not evidence against the defendant and does not create any inference of guilt.  The jury must not be prejudiced against the defendant because an indictment has been returned against him, nor because he has been arrested and placed on trial.

The defendant, Dale Russell, has pled not guilty to the charges.

## INDICTMENT

### Counts 1-4

(Production of Child Pornography)

The Grand Jury charges that:

In or between approximately 2004, within the Southern District of Indiana and elsewhere, DALE RUSSELL, the defendant herein, did employ, use, persuade, induce, entice and coerce any minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and the defendant knew and had reason to know that such visual depiction would be transported in interstate or foreign commerce or mailed, or that such visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or such visual depiction has actually been transported in interstate or foreign

5

commerce or mailed, to wit: on the occasions indicated below, DALE RUSSELL

employed, used, persuaded, induced, enticed or coerced Jane Doe 1 (born in 1992), and

Jane Doe 2 (born in 1994), to engage in sexually explicit conduct for the purpose of

producing a visual depiction of such conduct as defined in Title 18, United States Code,

Section 2256(2), and did aid and abet such conduct, for the purpose of producing images

of Jane Doe 1 and Jane Doe 2 as follows:

| Count | Date (Approximately in or about) | General Description | File |
|-------|----------------------------------|---------------------|------|
| 1 | 2004 | Jane Doe 1 depicted with "Sponge Bob" themed items | img20060209034713.jpg<br>img20060209034757.jpg<br>img20060209030724.jpg<br>img20060209030946.jpg<br>img20060209023642.jpg<br>img20060209023945.jpg<br>IMG_5873.JPG.jpg<br>img2006020931702.jpg<br>img20060209034551.jpg |
| 2 | 2004 | Jane Doe 1 in gym near red mats | DSCF_1309.jpg |
| 3 | 2004 | Jane Doe 2 in bathroom with white towel | FILE0001b.jpg<br>FILE0002b.jpg |
| 4 | 2004 | Jane Doe 2 in gym near bar | DSCF_1226.jpg |

Each of which is a separate violation of Title 18, United States Code, Section

2251(a) and (d) and 2.




TIMOTHY M. MORRISON
Acting United States Attorney


By:    _____/s/_____
        Gayle L. Helart
        Assistant United States Attorney

INSTRUCTION NO.   4

The defendant is presumed to be innocent of the charges against him.  This presumption remains with the defendant throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the government throughout the case.  A defendant is never required to prove his innocence or to produce any evidence at all.

In these instructions you will sometimes find the phrase "if you find."  Wherever it occurs, such phrase means "if you find beyond a reasonable doubt."

INSTRUCTION NO.   5

     The indictment charges that the offense was committed "in or about" or "in or between" certain dates.  The evidence need not establish with certainty the exact dates of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on dates reasonably near the alleged dates.

     It is necessary that every essential element of the crimes charged in the Indictment in this case be proved by evidence beyond a reasonable doubt, but it is not necessary that each subsidiary or non-essential fact be proved beyond a reasonable doubt.

INSTRUCTION NO.   6

The indictment charges, in Counts 1 through 4, the defendant with the crime of sexual exploitation of a child, in violation of Title 18, United States Code, Section 2251(a).  At all relevant times alleged in the Indictment, the following statute of the United States was in effect:

Title 18, United States Code, Section 2251(a) provides, in pertinent part, as follows:

> (a)    Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished [in a manner provided by the statute], if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

INSTRUCTION NO. ___7___

To sustain the charge of sexual exploitation of a child, as charged in Counts 1 through 4, the government must prove the following propositions:

First:      at the time the visual depictions were produced, Hannah Russell (Counts 1 and 2) and Arielle Russell (Counts 3 and 4) were each under the age of eighteen years;

Second:   that the defendant employed, used, persuaded, induced, enticed, or coerced Hannah Russell (Counts 1 and 2) and Arielle Russell (Counts 3 and 4) to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third:     either that the visual depiction was produced using materials that had been shipped or transported in interstate or foreign commerce, or that the defendant knew or had reason to know that such visual depiction would be transported in interstate or foreign commerce or mailed, or that the visual depiction was actually transported in interstate commerce across state lines or in foreign commerce.

The parties have stipulated that, at the time the visual depictions of Hannah Russell and Arielle Russell were made, each girl was under the age of eighteen years, so you may regard the first element above as proven as to each count.

The parties have also stipulated that the visual images were produced using materials that had been shipped or transported in interstate or foreign commerce, and that the visual depictions were actually transported across state lines or in foreign commerce, so you may also regard the third element above as proven as to each count.

If you find from your consideration of all the evidence that the second element has

11

been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the second element has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

INSTRUCTION NO.   8

With regard to the second element in each count, the government has the burden of establishing beyond a reasonable doubt that the defendant used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct, and did so for the purpose of producing a visual depiction of such conduct.

The term "sexually explicit conduct" is defined under the applicable statute as:

(A)    actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(B)    bestiality;

(C)    masturbation;

(D)    sadistic or masochistic abuse; or

(E)    lascivious exhibition of the genitals or pubic area of any person.

In this case, only subparagraph (E) of the definition of sexually explicit conduct is at issue.  In applying the portion of the definition referring to "lascivious exhibition of the genitals or pubic area of any person," there are a number of factors you may consider. Those factors include but are not limited to: (1) whether the focal point of the picture is the minor's or other person's genitalia; (2) whether the setting or pose is customarily associated with sexual activity; (3) whether the minor's pose is unnatural given his or her age; (4) whether the minor is fully or partially nude; (5) whether sexual coyness or willingness to engage in sexual activity is suggested; and (6) whether the visual depiction

13

is intended or designed to elicit a sexual response in the viewer.

The government is not required to prove that each of these factors is present.  The importance which you give to any one factor is up to you to decide.  The question is whether there is a visual depiction that amounts to a "lascivious exhibition of the genitals or pubic area" of a person.

The word "lascivious" is defined as "of or marked by lust" or "exciting sexual desires."  The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer.  Not every exposure of the genitals or pubic area of children constitutes a lascivious exhibition.

In deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of sexually explicit conduct, you may consider all of the evidence concerning the defendant's conduct.

INSTRUCTION NO.   9

When used in these instructions, the word "minor" refers to any person under the age of eighteen years.  A minor is "used" to produce a visual depiction of sexually explicit conduct if the minor serves as a subject of the depiction.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

In this case, "visual depiction" includes photographs, pictures, film, undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image, whether or not stored in a permanent format.

INSTRUCTION NO.    10

A number of pieces of evidence have been introduced relevant to each of Counts 1 through 4, including a number of visual depictions of Hannah Russell and Arielle Russell.

For Count 1, the only images you are called on to determine whether they amount to visual depictions of "sexually explicit conduct" are labeled as Exhibit 1, pages 2 through 10.  The government is not required to prove that all nine exhibits are visual depictions of sexually explicit conduct.  However, to find that the government has met its burden of proof on the second element for producing visual depictions of sexually explicit conduct, all twelve jurors would need to agree that at least one of the nine is a visual depiction of sexually explicit conduct, and all jurors would need to agree that the same image amounts to a visual depiction of sexually explicit conduct.

For Count 2, the only image that you are called on to determine whether it amounts to a visual depiction of "sexually explicit conduct," is labeled as Exhibit 2, page 2.  To find that the government has met its burden of proof on the second element for producing visual depictions of sexually explicit conduct, all twelve jurors would need to agree that Exhibit 2, page 2, is a visual depiction of sexually explicit conduct.

For Count 3, the only images that you are called on to determine whether they amount to visual depictions of "sexually explicit conduct," are labeled as Exhibit 3, pages 2 through 3.  The government is not required to prove that both exhibits are visual

16

depictions of sexually explicit conduct.  However, to find that the government has met its burden of proof on the second element for producing visual depictions of sexually explicit conduct, all twelve jurors would need to agree that at least one of the two is a visual depiction of sexually explicit conduct, and all jurors would need to agree that the same image amounts to a visual depiction of sexually explicit conduct.

For Count 4, the only image that you are called on to determine whether it amounts to a visual depiction of "sexually explicit conduct," is labeled as Exhibit 4, page 2.  To find that the government has met its burden of proof on the second element for producing visual depictions of sexually explicit conduct, all twelve jurors would need to agree that Exhibit 4, page 2, is a visual depiction of sexually explicit conduct.

INSTRUCTION NO.   11

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.  Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

INSTRUCTION NO. ___12___

The evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and stipulated or admitted or judicially noticed facts, if any. Opening statements of counsel are for the purpose of acquainting you in advance with the facts counsel expect the evidence to show. Closing arguments of counsel are for the purpose of discussing the evidence. Statements and arguments of counsel are not evidence unless made as an admission or stipulation of fact. A stipulation is an agreement between both sides that certain facts are true.

You are to consider only the evidence received in this case. You should consider this evidence in the light of your own observations and experiences in life. You may draw such reasonable inferences from facts that you find to be proved. An inference is a deduction or conclusion dictated by reason and common sense.

During the course of trial it often becomes the duty of counsel to make objections and for me to rule on them in accordance with the law. The fact that counsel made objections should not influence you in any way. You are to disregard any evidence as to which I sustained an objection or which I ordered stricken. You should not be concerned with the reason the court decided that certain evidence should or should not properly be admitted.

You must completely disregard any press, television or radio reports that you may

have read, seen or heard.  Such reports are not evidence; therefore, you must not be

influenced in any manner whatsoever by such publicity.

INSTRUCTION NO. __13__

There are, generally speaking, two types of evidence.  One is direct evidence--such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence--that is, proof of a certain fact or facts from which you reasonably may deduce another fact.  In other words, circumstantial evidence is simply that situation in which the proof of one fact also tends to prove another, according to the common experience of mankind.

The law makes no distinction between the weight to be given either direct or circumstantial evidence.  You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

INSTRUCTION NO. ___14___

You are the sole judges of the credibility of the witnesses, and of the weight to be given to the testimony of each of them.  In considering the testimony of any witness, you may take into account his or her intelligence, ability and opportunity to observe, memory, manner while testifying, any interest, bias or prejudice he or she may have, and the reasonableness of his or her testimony considered in the light of all the evidence in the case.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

22

INSTRUCTION NO.  __15__

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

It is proper for an attorney to interview any witness in preparation for trial.

INSTRUCTION NO. ___16___

You have heard a witness give opinions about matters requiring special knowledge or skill.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such a person has given an opinion does not mean that you are required to accept it.  Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

INSTRUCTION NO.   17

      The testimony of a law enforcement official is neither more nor less entitled to belief than any other witness simply because the witness holds that position.  Law enforcement officials are to be evaluated as to their credibility in all respects similar to all other witnesses, without special weight being given to their testimony or the weight of their testimony diminished simply because they are employed as law enforcement officials.

INSTRUCTION NO. ___18___

You have heard evidence of wrongful acts of the defendant other than those charged in the indictment.  You may consider this evidence only on issues of motive, intent, identity, or absence of mistake or accident in reference to the offenses charged in the indictment.  You must consider this evidence only for these limited purposes.

INSTRUCTION NO.   19

A statement made by any witness before trial that is inconsistent with the witness's testimony here in court may be used by you as evidence of the truth of the matters contained in it, and also in deciding the truthfulness and accuracy of the witness's testimony in this trial.

INSTRUCTION NO. __20__

You have received evidence of a statement said to be made by the defendant to law enforcement.  You must decide whether the defendant did in fact make the statement.  If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves.  In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself and the circumstances under which the statement was made.

INSTRUCTION NO. __21___

A defendant has an absolute right not to testify. Since the defendant has chosen to testify, you must evaluate his testimony in all respects as you would any other witness.

INSTRUCTION NO. __22___

You have heard testimony regarding the identification of the defendant. Identification testimony is an expression of belief or impression by the witness.  You should consider whether, or to what extent, the witness had the ability and the opportunity to observe the person at the time of the offense and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government has the burden of proving beyond a reasonable doubt that the defendant was the person who committed the crime(s) charged.

INSTRUCTION NO.   23

The defendant's ignorance or mistake of the law is not a defense.

INSTRUCTION NO.  24

The intentional flight by a defendant immediately after he is accused of a crime that has been committed is not, of course, sufficient in itself to establish his guilt; but it is a fact which, if proved, may be considered by the jury in light of all the other evidence in the case in determining guilt or innocence.

INSTRUCTION NO.  __25__

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count.  Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

INSTRUCTION NO.    26   

      I instruct you that the matter of the penalty to be imposed or the disposition to be made of this case if a verdict of guilty is reached is not before you, the jury, but that this is a matter for the court to determine or fix.

INSTRUCTION NO. ___27___

In determining your verdict, you may consider your experiences as persons of ordinary affairs, and you may consider the evidence as you have heard and seen it in light of your experience.

In other words, you will retire to your jury room armed, not only with the evidence, but also with your experiences as men and women of ordinary affairs.

INSTRUCTION NO. ___28___

The verdict must represent the considered judgment of each juror.  Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts.  Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

INSTRUCTION NO. __29___

Upon retiring to the jury room, select one of your number to preside over your deliberations.  I suggest that the person you select be someone who will be a good discussion leader, is fair in encouraging discussions among all jurors, is a good listener and speaker, will be able to keep deliberations focused on the evidence and the law and will notify the court when a verdict has been reached.  Despite these responsibilities, I remind you that the presiding juror's opinion is not more important than any other juror's opinion.  All count equally.

There are no set rules on how best to deliberate, but I suggest that after you have gotten reacquainted with one another, you adopt a process that will allow and encourage all to participate, that you show respect to each other, and that you review all the evidence, both exhibits and witness' testimony, in light of my instructions on the law. After full discussions, votes should be taken on the charge at issue, and when a unanimous decision is reached, record that decision on the verdict form, which has been prepared for you.

[Form of verdict read.]

Take this form to the jury room and, when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the form.

INSTRUCTION NO.   30

     During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website, such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

     I do not anticipate that you will need to communicate with me during your deliberations, and, in any event, after the case is submitted to you, the assistance that I am able to provide to you is extremely limited.  I have no additional evidence or instructions to give you; you have now all that is appropriate and available for you to reach a verdict. Nonetheless, if you do feel a need to communicate with me, the only proper way is in writing, signed by the presiding juror, or if he or she is unwilling to do so, by some other juror, and given to the bailiff.  The bailiff will then communicate with me, if necessary.