UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,
Plaintiff,
v.
DALE RUSSELL,
Defendant.

Cause No. 1:08-CR-0004-SEB-KPF

**GOVERNMENT'S SENTENCING MEMORANDUM**

Now comes the United States of America, by counsel, Timothy M. Morrison, United States Attorney for the Southern District of Indiana, and A. Brant Cook and Gayle L. Helart, Assistant United States Attorneys, and files the following sentencing memorandum in the above-styled case.

This Memorandum will address the factors in 18 U.S.C. § 3553(a) and explain why the sentence recommended after the correct calculation of the advisory Sentencing Guidelines is a reasonable sentence in this case.

## I. Introduction

On January 8, 2008, the Defendant was charged by Indictment with four (4) counts of Sexual Exploitation of Children (Production of Sexually Explicit Images of a Minor), in violation of 18 U.S.C. § 2251(a). On March 2, 2010, following a three day jury trial, the Defendant was found guilty of each of the four counts of the Indictment.

The Defendant faces sentencing on May 17, 2010, for his intentional, persistent sexual exploitation of two minor girls. As discussed in detail below, the applicable Sentencing Guideline calculations and the consideration of the sentencing factors enumerated at 18 U.S.C. § 3553(a) all demonstrate the need for a significant sentence in order to protect the public from the Defendant, to reflect the seriousness of the Defendant's offenses, and deter others who would follow the Defendant's example. In short, the only just sentence is a significant sentence, comprised of consecutive terms of imprisonment for each of the Defendant's intentional, separate criminal offenses. To that end, the United States requests that the Defendant be sentenced to a total term of imprisonment of not less than 80 years (960 months).

## II.   The Defendant's criminal conduct

The Defendant sexually exploited and manipulated two minor females over a long time period, producing many dozens of images of each of them engaged in sexually explicit conduct. Evidence adduced at trial demonstrated that the Defendant's sexual exploitation of the girls had a commercial motive and a motive to satisfy the Defendant's sexual interest in at least one of the minor females.

The Defendant's persistent pattern of abuse included the four separate instances of the manipulation and sexual exploitation of Jane Does 1 and 2 that were the subject of the Indictment, as well as numerous other instances of nude "photo shoots" about which testimony was adduced at trial from Jane Does 1 and 2. The Defendant manipulated the children into taking part in nude "photo shoots" on the pretense that they were "modeling," and offered for sale to the public sexually suggestive images of Jane Does 1 and 2 on websites he created featuring them.

Jane Doe 2 testified at trial to personally observing photos of her nude on the website, and noted that it was her understanding - supported by what she observed on her website - that all of the images produced by the Defendant were on her website at one time or another. Jane Doe 1 noted at trial that the images relating to Counts 2 and 3 of the Indictment (produced at Spectrum Gym of both her and Jane Doe 2) were produced by the Defendant for, in his words, "special people who will pay more."

During the course of the trial, a stipulation was entered that the images charged in the Indictment were discovered in Canada. The government will offer testimony at the sentencing hearing that images of Jane Does 1 and 2 engaged in sexually explicit conduct, including those images underlying the Defendant's convictions for Counts 1-4, have been discovered in the collections of sexual offenders in places around the country.

Testimony at trial also established that the Defendant had a sexual interest in Jane Doe 1. Jane Doe 1 testified at trial that between 2001 and 2004, the Defendant had inappropriate sexual contact with her on numerous occasions. Additional testimony concerning the details of these incidents will be offered at the sentencing hearing.

**III. The Applicable Sentencing Guidelines advise an effective life sentence**

As accurately calculated in the Pre-Sentence Report, the Defendant's convictions in the present case results in a total offense level of 49. Even at Criminal History I, the Defendant's offense level is well in excess of offense level 43, at which the guidelines advise a sentence of imprisonment for life.

In cases where there are multiple counts of conviction and the guidelines advise life imprisonment, USSG § 5G1.2(d) applies. That subsection states that "[i]f the sentence imposed

on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment**.** In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law." U.S.S.G. § 5G1.2(d). Relying in large part on that subsection, the United States Seventh Circuit Court of Appeals has repeatedly upheld maximum, consecutive sentences on each of an offender's counts of conviction - even when the resulting sentence well exceeded the life span of the offender - where the advisory guidelines range was life imprisonment. *See, e.g., United States v. Thompson*, 523 F.3d 806, 814 (7th Cir. 2008); *United States v. Veysey*, 334 F.3d 600, 602 (7th Cir. 2003). In fact, any sentence that falls within a properly calculated guidelines range is presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

      In the instant case, the applicable guideline of life imprisonment means that the Defendant's guideline sentence is 120 years - the maximum sentence on each of the counts of conviction, run consecutively. The government respectfully submits that, in appropriate deference to the guidelines, if the Court elects not to sentence the Defendant to 120 years of imprisonment, the Court should order that whatever terms of imprisonment are imposed on each count are to be run consecutive to one another. The government again suggests that any sentence of imprisonment be not less than 80 years.

## IV. The Sentencing Factors enumerated in 18 U.S.C. § 3553(a) demonstrate that the Defendant should be sentenced to a term of imprisonment not less than 60 years

In determining a just sentence, the Court is directed by statute to consider a number of factors. 18 U.S.C. § 3553(a). The first factor to consider is the nature and circumstances of the offenses and the history and characteristics of the Defendant. 18 U.S.C. § 3553(a)(1). Each of these points strongly suggests that the Defendant should receive a very lengthy sentence. In this case, the Court is afforded an unusually high degree of insight into the nature and circumstances of the Defendant's offenses and the history and characteristics of the Defendant. The trial of the Defendant touched on the years of the Defendant's exploitative conduct, its impact and how the Defendant conducted himself both privately and professionally. The image files produced by the Defendant that underlay his counts of conviction, as well as the images admitted into evidence from the websites of Jane Does 1 and 2, and other, uncharged images produced during the course of his offenses, similarly testify to his offenses and to his characteristics. The trial showed that the Defendant concealed - and manipulated both Jane Doe 1 and 2 to assist him in concealing - his continual, repeated use of Jane Does 1 and 2 for commercial gain and the apparent fueling of his sexual fantasies. A fair review of all of these sources demonstrates with stark clarity that the Defendant cleverly and repeatedly manipulated those closest to him, with no regard to the impact of his actions.

The sentence ultimately imposed on the Defendant must also reflect the seriousness of his offenses, promote respect for the law, and provide a just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). There can be no question that the Defendant's offenses, both in their character and in their frequency and repetition, are among the most serious under the law. The Court is

well aware of the tender age of the victims, and the extent of the Defendant's manipulation and sexual exploitation of Jane Does 1 and 2 is clear. The government asserts that the seriousness of the Defendant's offenses necessitates that the Defendant be sentenced to a significant prison term in order to promote respect for the law and to provide a just punishment.

The sentence imposed on the Defendant must also afford adequate deterrence to criminal conduct of this nature, and protect the public from further crimes of the Defendant. 18 U.S.C. § 3553(a)(2)(B) and (C). It is clear from the nature and circumstances of the Defendant's offenses that he was obsessively focused on fueling his sexual fantasies by serially sexually exploiting children. There is no reason to believe that the Defendant would ever abandon this acting out of his fantasies. In fact, the Defendant's continued denial that his actions were even criminal demonstrates the high likelihood that he would simply continue to reoffend. The public can only be adequately protected from the Defendant with his imprisonment for the rest of his life. Similarly, the public can only be protected from like-minded individuals (and those individuals adequately deterred from acting on such an all-consuming obsession) with a significant sentence that demonstrates the Court's willingness to deliver an appropriate punishment.

Finally, a sentence comprised of consecutive terms of imprisonment on each count of conviction would be consistent with recent sentences issued to offenders with similar counts of conviction and with similar records in this District. In *United States of America v. Dick Noel*, 1:06-cr-17-JDT-KPF, the defendant ("Noel") was convicted of three counts of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a), for his production of images of a 9 year old minor male relative posed by the defendant in a lascivious exhibition of his genitals and pubic region, and for Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4).

Similar to the Defendant in the instant case, Noel's total offense level resulted in an advisory guideline sentence of life imprisonment, despite his lack of a criminal record. On June 1, 2007, Judge John D. Tinder sentenced Noel to a total prison term of 80 years, issuing a sentence of 25 years on each of the three counts of Sexual Exploitation of Children and 5 years on the count of Possession of Child Pornography, all consecutive to one another. The sentence was affirmed as reasonable on appeal. *United States v. Noel*, 581 F.3d 490 (7th Cir. 2009).

In *United States of America v. Mark Armstrong*, 4:09-CR-12-DFH-MGN, the defendant ("Armstrong") was convicted of three counts of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a), for his production of images of sexually explicit conduct (including images of sexual acts) of two minor males. Similar to the Defendant in the instant case, Armstrong's total offense level resulted in an advisory guideline sentence of life imprisonment, despite his lack of a criminal record. On November 23, 2009, Chief Judge David F. Hamilton sentenced Armstrong to a total term of imprisonment of 75 years, issuing a sentence of 25 years on each count of conviction and running each count consecutive. The sentence was not appealed due to an appeal waiver in the plea agreement.

In *United States of America v. Andrew McGrath*, 1:09-cr-169-WTL-KPF, the defendant ("McGrath") was convicted of twenty-four counts of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a), for his production of images of four young minor females engaged in sexually explicit conduct (including some video files depicting sexual acts), and for Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4). Similar to the Defendant in the instant case, McGrath's total offense level resulted in an advisory guideline sentence of life imprisonment, despite his lack of a criminal record. On May 7, 2010, Judge

William T. Lawrence sentenced McGrath to a total prison term of 370 years, issuing a sentence of 15 years on each of the twenty-four counts of Sexual Exploitation of Children and 10 years on the count of Possession of Child Pornography, all consecutive to one another.

Though each case and each defendant is different, the government is seeking a total sentence consistent with the principles and manner in which those sentences were calculated. Just as in the above cases, the government is seeking a sentence comprised of consecutive sentences for each of the serious violations of the law committed by the Defendant. To do less is to allow the Defendant to escape responsibility for an occasion of the sexual exploitation of a child, for the deepening of her trauma at his hands, and yet another instance of his manipulation and breaking of trust with her and her primary caregiver. To that end, the government requests a total sentence not less than 80 years, which would consist of a 20 year sentence of imprisonment on each of the four counts of conviction.

## VI.     Conclusion

In conclusion, the Government respectfully requests that the Court consider the applicable guidelines and the factors of 18 U.S.C. § 3553, including the nature and circumstances of the offense, the history and circumstances of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect against further crimes of the defendant, and in so doing, sentence the defendant to not less than 80 years imprisonment.

Respectfully submitted,

TIMOTHY M. MORRISON
United States Attorney

By: *S/A. Brant Cook*
A. Brant Cook
Assistant United States Attorney

*S/Gayle L. Helart*
Gayle L. Helart
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2010, a copy of the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jessie A. Cook
LAW OFFICE OF JESSE A. COOK
400 Wabash Avenue
Suite 212
Terre Haute, IN 47807
(812) 232-4634
Fax: (812) 235-0292
Email: jacook@iquest.net

By: S/ A. Brant Cook
A. Brant Cook